UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TERREBONNE PARISH NAACP, ET AL.

VERSUS

PIYUSH ("BOBBY") JINDAL the GOVERNOR
of the STATE OF LOUISIANA, in his official
capacity, ET AL.

CIVIL ACTION

NO. 14-069-JJB-SCR

## RULING

Before the Court are four motions: (1) Motion to Strike Expert Report (doc. 84) filed by Defendants, Bobby Jindal ("Jindal") and James D. "Buddy" Caldwell ("Caldwell") and (2) Motion to Conduct Daubert Hearing Concerning Plaintiffs' Proposed Experts and Evidence (doc. 86) filed jointly by the Defendants; (3) Motion for Summary Judgment (doc. 91) filed by the Plaintiffs; and (4) Motion for Summary Judgment (doc. 93) filed jointly by the Defendants. For the reasons stated herein, the foregoing motions are **DENIED**.

### I.        Background

This case is a challenge to the use of at-large voting for the 32nd Judicial District Court to dilute Black voting strength, in violation of Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301, and the Fourteenth and Fifteenth Amendments of the U.S. Constitution. Compl. 1, Doc. 1.

Pursuant to the Court's Scheduling Order (doc. 46), Plaintiffs were required to submit their expert reports by January 23, 2015. The scheduling order further provided, "Expert discovery, including depositions of expert witnesses, shall be completed by June 22, 2015." Am. Scheduling Order 2, Doc. 46. Plaintiffs complied with the initial deadline, submitting expert reports from William Cooper ("Cooper"), Dr. Richard Engstrom, and Dr. Allan J. Lichtman ("Dr. Lichtman") on January 23, 2015.

1

In Cooper's initial report, he created a proposed illustrative redistricting plan (the "*Illustrative Plan*") to demonstrate the feasibility of a five-district plan that would comply with constitutional voting principles. *See generally* Cooper Decl., Doc. 111-1. In the report, Cooper stated that the *Illustrative Plan* "respects the traditional redistricting criteria, including one-person one-vote, compactness, contiguity, respect for communities of interest, and the non-dilution of minority voting strength." *Id.* at ¶ 45. However, the underlying basis for these traditional redistricting criteria, namely Reock and Polsby-Popper scores, were not mentioned in the initial report. *See id.* Dr. Lichtman's initial report discussed the facts relevant to the nine Senate Factors that are relevant to a claim under Section 2 of the Voting Rights Act. *See generally* Lichtman Report, Doc. 111-3.

Both the plaintiffs and defendants subsequently conducted depositions of some of the expert witnesses during the expert discovery period. In their depositions, the Defendants' experts criticized the plaintiffs' *Illustrative Plan* and facts relevant to the nine Senate Factors Dr. Lichtman analyzed in his report.

On the date expert discovery closed, June 22, 2015, the plaintiffs produced supplemental expert reports of Cooper and Dr. Lichtman. *See* Cooper Suppl. Decl., Doc. 111-12; Lichtman Suppl. Report, Doc. 111-13. In his supplemental report, Cooper discusses the traditional redistricting principles using the Reock and Polsby-Popper scores, which were not mentioned in the initial report. Dr. Lichtman's supplemental report responded to criticisms and explained the facts and principles underlying his opinion. Defendants argue that the supplemental reports should be struck because the reports contained new information not included in the original expert reports, and Defendants were therefore prejudiced because they had no additional time to conduct discovery. Defs.' Mem. in Supp. of Mot. to Strike 2, Doc. 84-1. Defendants alternatively

request a *Daubert* hearing using similar reasons as set forth in the Motion to Strike. Defs.' Mot. to Conduct Daubert Hr'g 1, Doc. 86. Moreover, both the Plaintiffs and Defendants have filed cross motions for summary judgment in this matter (docs. 91, 93). The Court considers the four motions in turn.

**II.     Motion to Strike** (Doc. 84)

Defendants contend that: (1) Plaintiffs violated the Scheduling Order and, thus, Federal Rule of Civil Procedure ("Rule") 26(a)(2)(D), by producing the supplemental reports on June 22, 2015; and (2) as a sanction for this violation, the supplemental reports should be struck in their entirety, pursuant to Rule 16(f) and Rule 37(c)(1).[1] *See* Defs.' Mem. in Supp. of Mot. to Strike 6–17, Doc. 84-1.

1.   Timeliness

According to Federal Rule of Civil Procedure ("Rule") 26(a)(2)(D), a party must disclose expert testimony "at the times and in the sequence that the court orders." Pursuant to Rule 37(c), if a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was "substantially justified" or is "harmless." Fed. R. Civ. P. 37(c). Here, the Court's Scheduling Order unambiguously stated that the Plaintiffs' expert reports were due by January 23, 2015. Am. Scheduling Order 2, Doc. 46. Accordingly, the supplemental reports provided after that date, on June 22, 2015, were not provided at the time and in the sequence the Court ordered.

The Plaintiffs argue that the Scheduling Order does not prohibit parties from providing supplemental expert reports because the Scheduling Order stated that "[expert discovery,

---

[1] The same factors apply in analyzing the exclusion of evidence under Rule 37 as apply to sanctions under Rule 16. *See Bradley v. United States*, 866 F.2d 120, 124–125. Therefore, the Court's discussion of Rule 37 sufficiently addresses sanctions under Rule 16.

*including* depositions of expert witnesses, shall be completed by June 22, 2015." *See* Pls.' Opp'n 6, Doc. 111 (quoting Am. Scheduling Order 2, Doc. 46) (emphasis added)). According to the Plaintiffs, the use of the term "including" means the Scheduling Order "contemplated other types of discovery, beyond depositions, such as supplemental expert reports, during the expert discovery timeframe." Pls.' Opp'n 7, Doc. 111. Additionally, Plaintiffs argue that the supplemental reports were required under Rule 26(e)(1), and therefore Plaintiffs were justified to provide the reports on June 22, 2015.

These arguments, however, contradict the express provision in the Scheduling Order regarding the date for disclosure of expert reports. The Scheduling Order's specific provision related to expert reports controls over the more general deadline for the completion of expert discovery. Moreover, the Scheduling Order would have specifically provided a deadline for disclosure of supplemental reports had the Court intended for those to be filed after January 23, 2015. Thus, the Court finds that Plaintiffs have failed to provide the supplemental reports of Cooper and Dr. Lichtman within the deadlines set by the Court.

2. Exclusion of Evidence

In accordance with Rule 37(c)(1), Plaintiffs should not be able to introduce the untimely supplemental reports and related trial testimony unless Plaintiffs can demonstrate that such failure was "substantially justified" or is "harmless." *See* Fed. R. Civ. P. 37(c)(1). Four factors are relevant to this determination: (1) the explanation for the failure to comply with the discovery order; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007); *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996).

4

As to the first factor, the Plaintiffs argue they were substantially justified in providing the supplemental reports on June 22, 2015, because the Scheduling Order does not prohibit such reports. For the reasons discussed above, however, the Court finds this argument unpersuasive. Rather than produce the supplemental reports at the close of expert discovery, the Plaintiffs should have sought leave to file an additional report or to modify the Scheduling Order. Thus, the first factor weighs in favor of excluding the reports.

The second factor, the importance of the testimony, weighs strongly against exclusion. Cooper's and Dr. Lichtman's testimony about the facts and principles underlying their expert opinions are clearly important to the Plaintiffs' case.

The third and fourth factors weigh against exclusion. In Cooper's original report, he stated that the *Illustrative Plan* complied with traditional redistricting principles. In his supplemental report, Cooper further elaborated on the traditional redistricting principles underlying the *Illustrative Plan* by including the Reock and Polsby-Popper scores. Dr. Lichtman's supplemental report responded to criticisms and explained the facts and principles underlying his opinion. The untimely production of these reports may indeed be prejudicial to the defendants, as the time for expert discovery has closed. However, the Pretrial Order is not due in this matter until December 21, 2015, and the trial is not scheduled to take place for another six months, starting on March 28, 2016. Thus, there is ample time for the Court to reopen expert discovery for 60 days to allow further depositions of Cooper and Dr. Lichtman, without affecting the trial date. During the reopened discovery period, Defendants will have the opportunity to learn more about the information contained in the supplemental reports and clarify any information found therein. Therefore, any prejudice to the Defendants is cured by allowing them to redepose the Plaintiffs' experts.

After careful consideration of the four relevant factors, the Court finds that although the supplemental reports were not timely produced, the Plaintiffs have sufficiently shown that such failure is harmless. Any prejudice to the Defendants as a result of the untimely reports will be cured by reopening expert discovery and allowing for the redepositions of Plaintiffs' experts. Accordingly, the reports should not be excluded under Rules 37, nor is there a basis for imposing sanctions under Rule 16. Therefore, the Defendants' Motion to Strike (doc. 84) is **DENIED**.

### III.     Motion to Conduct Daubert Hearing (Doc. 86)

The Defendants also filed a Motion for Daubert Hearing (doc. 86) as an alternative request, using similar reasons as set forth in their Motion to Strike. In addition, the Defendants moved for a *Daubert* hearing pursuant to Federal Rule of Evidence Rule 403, which provides that evidence may be excluded if it involves unfair prejudice, undue delay, or waste of time. For the reasons stated above, the Court finds that Defendants have failed to demonstrate that a *Daubert* hearing is warranted or that the reports should be excluded on Rule 403 grounds because any prejudice will be cured by reopening expert discovery. Accordingly, the Defendants' Motion to Conduct Daubert Hearing (doc. 86) is **DENIED**.

### IV.     Motions for Summary Judgment (docs. 91 and 93)

Considering the foregoing, the Court finds that summary judgment is inappropriate at this time. Moreover, after reviewing and carefully considering hundreds of pages of briefs and supporting exhibits, the Court finds that the cross motions present numerous issues that are inherently inappropriate for summary judgment. The Court finds, using its discretionary powers as to the order of proceedings and considering that this matter is set for bench trial in approximately six months, that judicial efficiency and economy call for handling these issues at

trial. Accordingly, both the Plaintiffs' (doc. 91) and Defendants' (doc. 93) Motions for Summary Judgment are **DENIED**.

V.       **Conclusion**

For the reasons stated herein, the Defendants' Motion to Strike Expert Report (doc. 84) and Motion to Conduct Daubert Hearing (doc. 86) are **DENIED**. The parties shall have 60 days to conduct further expert discovery and depositions related to the supplemental reports. Additionally, both the Plaintiffs' (doc. 91) and Defendants' (doc. 93) Motions for Summary Judgment are **DENIED**.

Signed in Baton Rouge, Louisiana, on October 7, 2015

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**