UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TERREBONNE PARISH NAACP, ET AL.

VERSUS

PIYUSH ("BOBBY") JINDAL the GOVERNOR
of the STATE OF LOUISIANA, in his official
capacity, ET AL.

CIVIL ACTION

NO. 14-069-JJB-SCR

**RULING**

This matter is before the Court on a Motion to Dismiss Pursuant to Rule 12(b)(1) (Doc. 82) brought by Defendant James D. "Buddy" Caldwell, in his official capacity as Attorney General of the State of Louisiana ("Caldwell"), a Motion to Dismiss Pursuant to 12(b)(1) (Doc. 94) brought by Defendant Bobby Jindal, in his official capacity as Governor of the State of Louisiana, and a Motion to Dismiss Pursuant to Rule 12(c) (Doc. 85) brought jointly by the defendants. Plaintiffs, the Terrebonne Parish Branch of the National Association for the Advancement of Colored People, Reverend Vincent Fusilier, Sr., Lionel Myers, Wendell Desmond Shelby, Jr., and Daniel Turner have filed oppositions to the respective motions (Docs. 105, 106, 104). For the reasons stated herein, Caldwell's and Jindal's Motions to Dismiss Pursuant to Rule 12(b)(1) (Docs. 82 & 94), and the jointly filed Motion to Dismiss pursuant to Rule 12(c) (Doc. 85) are **DENIED**.

**I.      Background**

This case is a challenge to the use of at-large voting for the 32nd Judicial District Court ("32nd JDC") to dilute Black voting strength, in violation of Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301, and the Fourteenth and Fifteenth Amendments of the United States Constitution. *Compl.* 1, Doc. 1. The plaintiffs pray for, *inter alia*, the following declaratory and injunctive relief: (1) a declaration that defendants' at-large method of electing members to the

1

32nd JDC was adopted and/or maintained with a discriminatory purpose in violation of Section 2 and the Fourteenth and Fifteenth Amendments to the Constitution; (2) a declaration that Defendants' at-large method of electing members to the 32nd JDC has the result of denying or abridging the right to vote on account of race or color in violation of Section 2 and the Fourteenth and Fifteenth Amendments to the Constitution; and (3) an injunction precluding the defendants, their successors, and agents from enforcing, administering, implementing, or conducting any future elections to the 32nd JDC under the current at-large method of election.

The plaintiffs originally brought this action against three defendants: Piyush "Bobby" Jindal as Governor of the State of Louisiana in his official capacity; James "Buddy" Caldwell as Attorney General of the State of Louisiana in his official capacity; and Tom Schedler as Secretary of State of Louisiana in his official capacity. The plaintiffs voluntarily dismissed Schedler with prejudice as a defendant in this action (Doc. 69).

The specific allegations against the Governor are as follows:

> Defendant Piyush ("Bobby") Jindal is the Governor of Louisiana and is being sued in his official capacity. Under the Louisiana Constitution, he is "the chief executive officer of the state," and must "faithfully support the constitution and laws of the state and of the United States," as well as ensure that "the laws are faithfully executed." La.Const. art. IV, § 5(A). Like other executive officers of the State, Defendant Jindal is required to uphold the U.S. Constitution, including the Fourteenth and Fifteenth Amendments to it, as part of the execution of his gubernatorial duties and responsibilities. 4 U.S.C. § 101. In his capacity as "chief executive officer of the state," Defendant Jindal also is empowered to sign legislation into law that would change the electoral method for the 32nd Judicial District. La. Const. art. IV, § 5(A). Defendant Jindal's role in fashioning a remedy to the instant action is similar to and consistent with former governor Buddy Roemer's appointment of a legislative task-force on judicial elections to devise a remedy in the Clark v. Edwards, Section 2 litigation discussed infra. 725 F.Supp. 285 (M.D. La. 1988) . . . .

*Compl.* ¶ 17, Doc. 1.

The allegations contained in the complaint against the Attorney General are as follows:

>   Defendant James Caldwell is Louisiana's Attorney General and is being sued in his official capacity. As Attorney General, Defendant Caldwell is the "chief legal officer of the state," charged with asserting or protecting the rights or interests of Louisiana. La. Const. art. IV, §8. Like other executive officers of the State, Defendant Caldwell is required to support the U.S. Constitution, including the Fourteenth and Fifteenth Amendments to it, before executing his duties as Attorney General. 4 U.S.C. § 101.

*Id.* at ¶ 18.

**II.     Discussion**

Caldwell and Jindal bring these Motions to Dismiss (Docs. 82 & 94) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The defendants argue that this Court lacks subject matter jurisdiction over the claims asserted against them because the Eleventh Amendment bars such claims. Additionally, the defendants raise numerous arguments for dismissal in a joint Motion to Dismiss Pursuant to Rule 12(c) (Doc. 85).

    **A.     Motions to Dismiss Pursuant to 12(b)(1)** (Docs 82 & 94)

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a party may challenge a court's subject matter jurisdiction at any time. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). The party asserting that the court has jurisdiction bears the burden of proving that the court may adjudicate the case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In determining whether it has subject matter jurisdiction, the court may look at the complaint alone, the complaint supplemented by undisputed facts in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Miss., Inc.*

3

*v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998); *see also Ramming*, 281 F.3d at 161.

In their Motions to Dismiss Pursuant to Rule 12(b)(1) (Docs. 82 & 94), both Jindal and Caldwell argue that they are entitled to sovereign immunity pursuant to the Eleventh Amendment, and therefore this Court lacks subject matter jurisdiction to hear the plaintiffs' claims under Section 2 of the Voting Rights Act, as well as their constitutional claims under the Fourteenth and Fifteenth Amendments.

The Eleventh Amendment bars suits by private citizens against a non-consenting state in federal court. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). Eleventh Amendment immunity applies not only to the state itself, but precludes actions against state officers sued in their official capacity. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Edelman v. Jordan*, 415 U.S. 651, 663–69 (1974). However, state sovereign immunity is not absolute; in this case there are two relevant exceptions—Congressional abrogation, and the exception established in *Ex parte Young*, 209 U.S. 123 (1908).

### 1. Congressional Abrogation

First, Congress may abrogate sovereign immunity "if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power" under the Fourteenth and Fifteenth Amendments. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *City of Boerne v. Flores*, 521 U.S. 507, 518 (1997) (citing *South Carolina v. Katzenbach*, 383 U.S. 301, 308 (1966)). As this Court recognized in *Hall v. Louisiana*, Congress has abrogated state sovereign immunity for claims arising under the Voting Rights Act. 983 F. Supp. 2d 820, 830 (M.D. La. 2013), *reconsideration denied* (Apr. 7, 2014) (citing *Mixon v. State of Ohio*, 193 F.3d 389, 398–99 (6th Cir.1999) and *Reaves v. United States*

4

*DOJ*, 355 F. Supp. 2d 510, 515 (D.D.C.2005) ("Congress, in passing the Voting Rights Act, effected a valid abrogation of state sovereign immunity.")). Therefore, the Court concludes that the plaintiffs' claims arising under Section 2 of the Voting Rights Act against both Jindal and Caldwell are not proscribed by the Eleventh Amendment.

      2.  *Ex parte Young*

Second, in *Ex parte Young* the Supreme Court carved out an exception to Eleventh Amendment immunity. According to *Ex parte Young*, in certain circumstances state officers may be sued in their official capacity and a federal court "may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan*, 440 U.S. 332, 337 (1979). To determine whether the doctrine *of Ex parte Young* avoids an Eleventh Amendment bar to suit "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011). However, for the exception to apply a plaintiff "must demonstrate that the state officer has 'some connection' with the enforcement of the disputed act." *K.P. v. LeBlanc*, 627 F.3d at 124 (citing *Ex parte Young*, 209 U.S. at 157).

The Court finds that the complaint satisfies the "straightforward inquiry" because the complaint alleges a violation of federal law (i.e., Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the United States Constitution), and the plaintiffs seek prospective relief (i.e., seeking a declaration that the current at-large method of election violates federal law, and an injunction prohibiting any further elections under the at-large method).

Despite satisfying this straightforward inquiry, the defendants argue that neither Jindal nor Caldwell have the requisite "connection" with the enforcement of the at-large method of election in the 32nd JDC.

Meanwhile, the plaintiffs argue that both Jindal and Caldwell have "some connection" with the enforcement of the allegedly unlawful election method due to their duties and responsibilities as the Chief Executive Officer and the Chief Legal Officer of the state. Jindal, as the Chief Executive Officer of the state, is "empowered to sign legislation into law that would change the electoral method" for the 32nd JDC. *Compl.* ¶ 17, Doc. 1. Caldwell, as the Chief Legal Officer of the state, is "charged with asserting or protecting the rights or interests of Louisiana." *Id.* at ¶ 18. According to the complaint, both Jindal and Caldwell are "charged with ensuring Terrebonne's compliance with applicable state and federal voting laws," and they are the "enforcement officials maintaining, executing, and enforcing the 32nd [JDC's] discriminatory at-large electoral method." *Id.* at ¶¶ 17, 21. Moreover, the plaintiffs allege that the defendants have "maintained at-large voting to elect judges for the 32nd [JDC] to dilute, minimize and cancel out the voting strength of Black voters in Terrebonne." *Id.* at ¶ 68. The complaint further alleges that, absent redress by this Court, the defendants "will continue to maintain and enforce" the discriminatory electoral system in violation of Section 2 and the Fourteenth and Fifteenth Amendments. *Id.* ¶ 21. The Court finds that these allegations are sufficient to demonstrate that both Jindal and Caldwell have "some connection" with the enforcement of the current at-large electoral method in the 32nd JDC. Therefore, the plaintiffs have satisfied the requirements of the *Ex parte Young* exception, and the plaintiffs' claims arising under the Fourteenth and Fifteenth Amendments are not barred by the Eleventh Amendment.

In sum, the Eleventh Amendment does not bar the plaintiffs' Voting Rights Act claims because of Congressional abrogation, and the Eleventh Amendment does not bar the plaintiffs' constitutional claims under the Fourteenth and Fifteenth Amendments because the plaintiffs have met the *Ex parte Young* exception. Therefore, both Caldwell's and Jindal's Motions to Dismiss Pursuant to Rule 12(b)(1) (Docs. 82 & 94) are **DENIED**.

B.  **Motion to Dismiss Pursuant to 12(c)** (Doc. 85)

In the Motion to Dismiss Pursuant to Rule 12(c), the defendants make four arguments: (1) Jindal and Caldwell cannot be sued in their official capacities under § 1983; (2) Jindal and Caldwell are entitled to qualified immunity; (3) the plaintiffs have failed to allege with specificity the actions they challenge as unconstitutional; and (4) neither defendant is the proper party to provide the plaintiffs the relief they seek.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002) (citing *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir.1990) (per curiam)). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (citing *Voest–Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887, 891 (5th Cir.1998)). The claims may be dismissed "when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Great Plains Trust Co.*, 313 F.3d at 312–13. A judgment on the pleadings is properly granted when,

taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). In analyzing the complaint, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Id.*

### 1.     Official Capacity Claim Under § 1983

First, Jindal and Caldwell argue that the plaintiffs' claim under § 1983 fails because they have been sued in their official capacity, and officials sued in their official capacity are not "persons" under § 1983. *Id.* at 3–4. The law is clear, however, that in a suit for injunctive relief, state officials sued in their official capacity are "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Here, the plaintiffs seek injunctive relief under § 1983 against state officials sued in their official capacity. *Compl.* ¶¶ 12–16, Doc. 1 (requesting an injunction precluding the defendants from enforcing, administering, implementing, or conducting any future elections in the 32nd JDC under the current at-large method of election). Accordingly, the defendants are "persons" under § 1983 and the defendants are not entitled to judgment on the pleadings.

### 2.     Qualified Immunity Under § 1983

Second, the defendants argue that they cannot be liable under § 1983 because they are entitled to qualified immunity. Similar to above, the defense of qualified immunity does not extend to suits for injunctive or declaratory relief under § 1983. *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991). As discussed above, the plaintiffs seek injunctive relief under § 1983. The defendants have failed to demonstrate that they are entitled to

qualified immunity as a matter of law, and therefore are not entitled to judgment on the pleadings.[1]

### 3. Specificity of the Complaint

Third, the defendants argue that the case should be dismissed because the complaint "contains merely conclusory allegations" because the plaintiffs did not "specify which Louisiana statutes are being challenged as unconstitutional and what statutes should be modified." *Dfs.' Supp. Mem.* 5, Doc. 85-1. Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "need only be a short and plain statement that gives the defendant notice of what the claim is and the grounds upon which it rests." *Colle v. Brazos County*, 981 F.2d 237, 243 (5th Cir.1993).

The defendants correctly point out that the plaintiffs did not specify the statute or statutes that they challenge as unconstitutional. However, the plaintiffs were not required to specify the statute being challenged. The Court has reviewed the complaint and finds that it contains sufficiently detailed factual allegations to make the plaintiffs' claims against Jindal and Caldwell plausible. Moreover, as discussed more fully in a prior ruling in this case, the complaint sufficiently alleges the elements of the plaintiffs' Fourteenth and Fifteenth Amendment claims. *See Ruling* 9–11, Doc. 32. Therefore, the defendants are not entitled to judgment on the pleadings on this ground.

---

[1] The Court is doubtful that, after a reasonable inquiry, these two defenses are warranted by existing law or good faith argument for extension, modification, or reversal of existing law.

### 4. Proper Parties

Lastly, the defendants argue that the case should be dismissed against them because they are not the proper defendants. The defendants argue that they are not the parties that can give the plaintiffs the remedy they seek because the Louisiana legislature has the plenary authority to modify the election method in the 32nd JDC. *Dfs.' Supp. Mem.* 2–6, Doc. 85-1. Instead, according to the defendants, it is the Secretary of State that is charged with enforcing the at-large method of election in the 32nd JDC. Accordingly, by voluntarily dismissing the Secretary of State, the plaintiffs have created an issue for the Court to consider whether the Secretary of State was necessary and indispensable pursuant to Rule 19 of the Federal Rules of Civil Procedure.

The plaintiffs respond by arguing that Jindal and Caldwell are the proper defendants because a suit against the Governor and Attorney General in their official capacity is, in effect, a suit against the State. Thus, an injunction against the Governor and Attorney General would effectively halt the at-large voting for the 32nd JDC. The plaintiffs also argue that, similar to other voting rights cases in Louisiana, the Governor and Attorney General will be instrumental in devising and implementing a remedy to the at-large voting schemes. Therefore, the plaintiffs argue the Court may afford complete relief among the existing parties even though the Secretary of State is no longer a defendant.

The Governor and Attorney General, both sued in their official capacity, are important to any remedial process this Court may order. *See Pls.' Suppl. Mem.* 5–8, Doc. 168. As the Chief Executive Officer of the state, the Governor's powers and duties include: reviewing and vetoing legislation, reviewing bills in the Legislature, drafting legislation upon request, formally recording his position on pending legislation, testifying in proceedings before the legislature, appointing a task force to address redistricting, and having the power to call an extraordinary

session of the Legislature to force it to address redistricting. *Id.* Similarly, as the Chief Legal Officer of the State, the Attorney General's powers and duties include: obtaining preclearance under Section 3(c) of the Voting Rights Act for any voting changes impacting the 32nd JDC, attending the legislature during its session, advising other government entities on compliance with election law, and defending any remedial plan this Court may grant in a subsequent challenge. *Id.* Based on their powers and duties, the Court agrees that Jindal and Caldwell will be instrumental in devising and enforcing a remedy that this Court may potentially order.

Additionally, both the Governor and Attorney General were named as defendants in several other voting rights cases. *See, e.g.*, *Carr v. Edwards*, No. 94-1280, 1994 WL 419856, at 1 (M.D. La. August 8, 1994); *Clark v. Roemer*, 777 F. Supp. 471 (M.D. La. 1991). Most recently, in *Hall v. Louisiana*, this Court denied Jindal and Caldwell's motion to dismiss a Section 2 and constitutional challenge to the electoral method for the Baton Rouge City Court on the ground that they were not proper defendants. 983 F. Supp. 2d 820, 824–26, 832–33 (M.D. La. 2013). Considering the powers and duties of the defendants sued in their official capacity, as well as the numerous other voting rights cases finding that the Governor and Attorney General were proper defendants, the Court is not persuaded by the defendants' arguments that Jindal and Caldwell are not the proper defendants in this matter. Accordingly, the defendants have not demonstrated that they are entitled to judgment on the pleadings.

Finally, the Court agrees with the plaintiffs that complete relief may be afforded amongst the existing parties. The Secretary of State's duties with regard to election laws are established by the legislature, and he carries out election laws without regard to how election districts are formed or election methods are established. The defendants point to no evidence to suggest otherwise. Therefore, at this time the Court proceeds on the assumption that the Secretary of

State will carry out his ministerial duties and conduct elections pursuant to any remedial plan adopted by the Louisiana legislature or by this Court. Accordingly, the Court concludes that Rule 19 does not provide a basis for dismissal in this case.

In sum, accepting all well-pleaded facts as true, and viewing them in the light most favorable to the plaintiff, the Court finds that the defendants have failed to establish they are entitled to judgment as a matter of law on any of the defenses raised. Therefore, the defendants' Motion to Dismiss Pursuant to Rule 12(c) is **DENIED**.

### III.   Conclusion

Having concluded that the Eleventh Amendment does not bar the plaintiffs' claims under the Voting Rights Act nor their constitutional claims under the Fourteenth and Fifteenth Amendments, both Caldwell's and Jindal's Motions to Dismiss Pursuant to Rule 12(b)(1) (Docs. 82 & 94) are **DENIED**. Additionally, having reviewed the complaint the Court finds that the defendants have not shown that a judgment on the merits can be rendered in their favor, and therefore their Motion to Dismiss Pursuant to Rule 12(c) (Doc. 85) is **DENIED**.

Signed in Baton Rouge, Louisiana, on December 8, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**