UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERREBONNE PARISH BRANCH
NAACP, ET AL.                                        CIVIL ACTION

VERSUS                                               NUMBER 14-69-JJB-SCR

PIYUSH ("BOBBY") JINDAL, THE
GOVERNOR OF THE STATE OF
LOUISIANA, IN HIS OFFICIAL
CAPACITY, ET AL

## RULING ON MOTION PERMITTING DISCLOSURE OF EXPERT WITNESSES

Before the court is the Motion For an Order Acknowledging That a Witness was Listed Timely by the State Defendants and/or For an Order Extending Deadline to Declare Expert Witnesses, filed by defendants Bobby Jindal, in his official capacity as Governor for the State of Louisiana, and James D. "Buddy" Caldwell, in his official capacity as Attorney General of the State of Louisiana (Defendants). Record document number 71. Plaintiffs Terrebonne Parish Branch NAACP, Reverend Vincent Fusilier, Sr., Lionel Myers, Wendell Desmond Shelby, Jr., and Daniel Turner filed an opposition.[1]

Defendants filed this motion seeking an order deeming Angele Romig and Mike Hefner as expert witnesses disclosed in accordance

---

[1] Record document number 75. Defendants filed a reply memorandum. Record document number 78.

with the Scheduling Order.[2]  Defendants argued that these expert witnesses were timely disclosed to the plaintiffs.  In the alternative, the defendants sought an extension of the expert witness disclosure deadline so they may identify Romig and Hefner as their expert witnesses.

All of the arguments and evidentiary submissions have been considered.  The parties do not dispute that Romig and Hefner were timely disclosed as expert witnesses by former defendant Tom Schedler, the Secretary of State of the State of Louisiana.  Defendants' disclosure of expert witnesses and production of expert reports were required by March 23, 2015.[3]  On May 12, 2015, the plaintiffs voluntarily dismissed defendant Schedler.[4]  Defendants subsequently served their Third Amended and Supplemental Initial Disclosures formally identifying Romig and Hefner as their expert witnesses on May 18, 2015.[5]

Defendants did not specifically named Romig and Hefner as an expert witnesses for them until after the deadline set in the Scheduling Order.  Inferences drawn from statements made in Romig's expert report and the use of Romig's report by the defendants' disclosed experts are insufficient to satisfy the disclosure

---

[2] Record document number 25.

[3] Record document number 25, Scheduling Order.

[4] Record document number 69.

[5] Record document number 71-10.

requirement under Rule 26(a)(2), Fed.R.Civ.P.

However, under Rule 37(c)(1), Fed.R.Civ.P., a party who fails to provide information or identify a witness as required by Rule 26(a) or (e) may be allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, if the failure was substantially justified or is harmless. The record shows that the defendants' failure to serve a disclosure identifying Romig and Hefner as expert their witnesses prior to the March 23, 2015 deadline was substantially justified and is harmless.

While each of the defendants in this case may have distinct defenses to the plaintiffs' claims, the available information supports finding that there was coordination among the defendants regarding discovering and establishing the facts and evidence - including expert evidence - needed to support their respective defenses. Until defendant Schedler was voluntarily dismissed from this case, it was reasonable for the defendants to anticipate that they could rely on mutually beneficial evidence generated by Schedler's identified experts to support their own defenses. Thus, the defendants' failure to serve an official, timely disclosure identifying these expert witnesses was substantially justified.

Plaintiffs were timely made aware that Romig and Hefner would be offered as experts in this case. Plaintiffs also timely received their expert reports and scheduled their depositions.

3

While these experts were not specifically identified by the defendants in a formal disclosure, given the nature of the plaintiffs' claims, overlap of the expert evidence was at least likely to occur and in fact was apparent from some of the expert reports. Until the depositions of these experts were cancelled by the plaintiffs in May 2015, the plaintiffs were preparing to address the information and opinions provided by Romig and Hefner. Permitting the technically late disclosure of Romig and Hefner as expert witnesses for the defendant should not prejudice the plaintiffs nor upset the trial date.[6] They have sufficient time to depose Romig and Hefner if they choose to do so. Therefore, the court concludes that, in the unique circumstances presented here, the defendants' late disclosure of Romig and Hefner as expert witnesses for them too is harmless.

Accordingly, the Motion For an Order Acknowledging That a Witness was Listed Timely by the State Defendants and/or For an Order Extending Deadline to Declare Expert Witnesses filed by the filed by defendants Bobby Jindal, in his official capacity as Governor for the State of Louisiana, and James D. "Buddy" Caldwell, in his official capacity as Attorney General of the State of Louisiana, is GRANTED. Neither Angele Romig nor Mike Hefner is barred from testifying as an expert witness because they were not

---

[6] The trial is set for March 28 – April 1, 2012. The pretrial conference is set for January 21, 2016.

4

specifically identified as an expert witness for these defendants within the time allowed by the Scheduling Order.

Plaintiffs are granted leave to depose Romig and Hefner within 30 days, or such longer time as the parties may agree upon or as may be allowed by the court.

Baton Rouge, Louisiana, December 11, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE