UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TERREBONNE PARISH BRANCH
NAACP, ET AL                              CIVIL ACTION

VERSUS                                    NUMBER 14-69-JJB-SCR

PIYUSH "BOBBY" JINDAL, THE
GOVERNOR OF THE STATE OF
LOUISIANA, ET AL


**RULING ON MOTION TO FIX EXPERT FEES**

Before the court is the Defendants' Motion to Fix Expert Witness Discovery Fee and Time for Payment filed by defendants Bobby Jindal, in his official capacity as Governor for the State of Louisiana, and James D. "Buddy" Caldwell, in his official capacity as Attorney General of the State of Louisiana (Defendants). Record document number 81. The motion is opposed.[1]

Defendants filed this motion fix the fees of defense expert witnesses Michael Beychok, Bruce L. Adelson, and Ronald Weber pursuant to Rule 26(b)(4)(E)(i), Fed.R.Civ.P. Plaintiffs deposed these experts on May 15, May 27, and June 5, 2015, respectively. With their supporting memorandum the defendants submitted itemized invoices for each of the experts and provided detailed explanations of the costs charged.[2]

---

[1] Record document number 100. Defendants filed a reply memorandum. Record document number 116.

[2] Record document numbers 81-3, 81-5, and 81-7.

Plaintiffs argued that the defendants' motion is premature based on then-pending *Daubert* objections.[3] Plaintiffs argued that the admissibility of an expert's testimony is a factor in determining the reasonableness of the fee.  Thus, plaintiffs argued, if their challenges are successful and some or all of the defendants' expert testimony is excluded, the defendants should not have to pay fees to an expert whose testimony is excluded or limited.  Because the admissibility of each expert's opinion had not yet been resolved, the plaintiffs argued that the defendants' motion is premature.  The district judge later determined that Adelson's testimony would not be allowed, and the determination of whether the testimony of Beychok and Weber would be allowed was deferred until the trial.[4]

Plaintiffs failed to provide any controlling legal authority to establish that the ultimate admissibility of an expert's testimony affects the assessment of fees under Rules

---

[3] Record document numbers 87, 88 and 89.

[4] Record document number 151, Ruling.  The district judge determined "that Adelson's report [and testimony] offers little more than legal conclusions, and thus is not helpful to the trier of fact." *Id.* at 5.  However, it is now unclear whether Adelson, or any of the other experts, will be allowed to produce supplemental expert reports.  Record document number 175, Order, directing "the parties to confer with the Magistrate Judge to set new deadlines for the following: Defendants' expert reports, expert discovery, Daubert motions, pretrial order, pretrial conference, motions in limine, and the trial."  Plaintiffs subsequently filed Plaintiffs' Motion for Clarification or, in the Alternative, for Reconsideration of the Order.  Record document number 177.

26(b)(4)(E)(I). Rule 26(b)(4)(A) specifically applies to an expert whose opinions *may* be presented at trial. Thus, a determination of the admissibility of the expert's testimony is not a prerequisite for payment of a reasonable fee fixed by the court.

Plaintiffs also argued that the defendants failed to satisfy their burden in demonstrating the reasonableness of the charged expert fees. Rule 26(b)(4)(E)(i) requires a party seeking discovery from an expert under Rule 26(b)(4)(A) to pay the expert a reasonable fee for time spent in responding such discovery. The party seeking reimbursement bears the burden of proving the reasonableness of the fees. Factors considered in assessing the reasonableness of an expert's fee include:(1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interests implicated by Rule 26. *Ball v. LeBlanc*, 13-368, 2015 WL 5793929, 1 (M.D. La. Sept. 30, 2015); *Miller v. Credit*, 12-138, 2013 WL 1833310, 2 (M.D. La. May 1, 2013).

Plaintiffs argued that the hourly rates charged by the experts is unreasonable. Defendants' experts charged the following hourly

rates for their depositions and discovery production: (1) Beychok at $250.00 per hour; (2) Adelson at $500.00 per hour; and (3) Weber at $250.00 per hour.  Plaintiffs asserted that the defendants failed to show how the experts' expertise, education, and training justifies these hourly rates.  Plaintiffs also argued that the defendants failed to establish similar prevailing rates for comparable experts and/or that the nature, quality, and complexity of the discovery supports these rates.

    A review of the record shows that the hourly rates charged by Beychock, Adelson and Weber are reasonable.  Defendants provided evidence to establish that the rates charged to the plaintiffs are the same rates contractually charged to the defendants in this case and are the same rates that were charged for services provided in a case previous litigated in this district, *Hall v. Louisiana*, CV 12-657-BAJ-RLB.  Given the nature and complexity of the issues presented in this case - alleged violations the Voting Rights Act of 1965,  high levels of expertise, education, and training are necessary.  Defendants established that their experts possess these qualifications and they analyzed complicated data, including census reports, election records, campaign finance records, other expert reports, depositions and trial testimony.  With respect to the higher rate charged by Adelson, the defendants showed that his legal and expert witness credentials warrant the higher rate.[5]

---

[5] Record document number 81-1, pp 4-5.

Plaintiffs also objected to the following specific charges: two hours charged by Weber for collecting and producing documents; equivalent hourly rates for deposition preparation and deposition testimony; seven hours charged by Adelson for deposition preparation; and two hours charged by Weber for reviewing his deposition transcript. Defendants provided detailed invoices which are substantiated by the experts' deposition testimony. Although Adelson testified at his deposition that he spent approximately six hours preparing for the deposition but itemized seven hours for deposition preparation in his invoice, this discrepancy does not warrant a reduction to the invoice charge. The invoice provides a more detailed account of the services provided and will be credited.

None of the billed hours reflected in the invoices are facially egregious. Plaintiffs did not dispute the actual accounting of the hours billed. Instead, the plaintiffs made conclusory arguments, based on non-controlling and distinguishable case law, that charges for the above-mentioned services were unreasonable. But there is no evidence showing that the invoices were inflated. A review of the invoices shows that the services listed are reasonable for providing the requested depositions and discovery. Plaintiffs' objections to specifically billed charges for services rendered are unsupported.

With respect to Weber's travel expenses, the plaintiffs'

objection to payment because the defendants elected to have Weber travel to Louisiana for his deposition is without merit. Plaintiffs did not provide any evidence that they objected to taking his deposition in Louisiana or offered to take his deposition in Oregon.  However, the defendants' request for eight hours of travel time at the full hourly rate of $250.00 charged by Weber is unreasonable.  This court has held that travel time should be reimbursed at half the expert's hourly rate.[6]  Accordingly, Weber's fees should be reduced by $1,000.00.

## Conclusion

Accordingly, the Defendants' Motion to Fix Expert Witness Discovery Fee and Time for Payment is granted in part and denied in part.  The motion is granted in all respects except that the travel time costs submitted by Ronald Weber is reduced by $1,000. Plaintiffs shall pay the expert fees and expenses, as fixed by this ruling, for Michael Beychock ($2,750.00), Bruce L. Adelson ($7,000.00, and Ronald Weber ($4,707.64), within 14 days.

Baton Rouge, Louisiana, December 28, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] *Ball v. LeBlanc*, supra.