UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERREBONNE PARISH BRANCH NAACP, ET AL.

CIVIL ACTION

VERSUS

NO. 14-00069-JJB-EWD

PIYUSH ("BOBBY") JINDAL, THE GOVERNOR
OF THE STATE OF LOUISIANA, IN HIS OFFICIAL
CAPACITY, ET AL.

### RULING[1]

On September 14, 2017, the Defendants, Jeff Landry, in his official capacity as Attorney General of Louisiana, and John Bel Edwards, in his official capacity as Governor of Louisiana, filed a *Notice of Appeal* with the Fifth Circuit of this Court's August 17, 2017 *Ruling*, wherein this Court found that the use of an at-large voting system in the 32nd JDC violates Section 2 of the Voting Rights Act and the United States Constitution, and this Court's September 12, 2017 *Minute Entry*.[2]  Subsequently, on September 22, 2017, Defendants filed a *Motion to Stay Order on Terrebonne Parish's At-Large 32nd Judicial District Court Pending Appeal* pursuant to Rule 62(c) of the Federal Rules of Civil Procedure.[3]  The *Motion* is opposed.[4]

---

[1] Federal Rules of Appellate Procedure Rule 8(a) provides that a party to an appeal should "ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A). Considering that Rule 8(a) "requires an application for stay pending appeal to be sought in the first instance in the district court," this Court has the authority to grant or deny the Defendants' motion to stay. *Oliver v. Kalamazoo Bd. of Educ.*, 548 F.Supp. 646, 647 (W.D. Mich. Oct. 7, 1982).
[2] Doc. 303.
[3] Doc. 311.
[4] Doc. 318.

1

Rule 62(c) of the Federal Rules of Civil Procedure allows a court to stay an injunction pending appeal.[5] In this case, the Defendants are not arguing that the Court expressly ordered any injunctive relief its August 17, 2017 *Ruling* or its September 22, 2017 *Minute Entry*.[6] Rather, the Defendants contend that because the Court's *Ruling* and *Minute Entry* have the "practical effect" of an injunction, a stay is warranted under Rule 62(c).[7] For the following reasons, the Court finds that Rule 62(c) is inapplicable here.

The Court's August 17, 2017 *Ruling* strictly dealt with the issue of liability, and did not order any party or other entity (i.e., Louisiana Legislature) to take any immediate remedial action.[8] As reflected in the *Minute Entry* from the September 12, 2017 Status Conference, the Court has yet to determine what remedial action would be appropriate.[9] During the conference, the Court requested proposals from the parties regarding the appropriate remedy for the Court and the Legislature to take. The Plaintiffs were given 40 days to file their proposal, and the Defendants were given 30 days to file their response thereto. The Court's *Ruling* and *Minute Entry* do not establish any imminent hearing or trial deadlines for the purposes of considering the parties' proposed remedies, nor do they direct any party or the Louisiana Legislature to take any immediate remedial action.

---

[5] Rule 62(c) of the Federal Rules of Civil Procedure states: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."
[6] Doc. 289 and Doc. 297, respectively.
[7] Doc. 311-1, p. 3 (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981)).
[8] In fact, the Court's *Ruling* specifically states in its Conclusion that "[t]he Court has bifurcated the issues of liability and remedy" and that "the Court will schedule a status conference to discuss the proper way to address the remedy phase . . . ." Doc. 289, p. 91.
[9] Doc. 297. During the Status Conference, the Defendants also apprised the Court of their intention to file a motion for leave to take an interlocutory appeal of the Court's August 17, 2017 *Ruling*.

Therefore, the Court finds that its *Ruling* and *Minute Entry* do not have the "practical effect" of an injunction as Defendants claim.[10]

The Court also finds the recent decisions arising out of the Western District of Texas, where stays were granted on appeal after a three-judge panel found violations of the Voting Rights Act and the United States Constitution, are distinguishable from the instant matter.[11] Faced with impending elections in 2018, the three-judge panel ordered the Texas Attorney General to file a written advisory within 3 days of each decision on whether and when the Texas Legislature would hold a special legislative session on redistricting to cure the violations (i.e., by redrawing the congressional districts and redrawing the maps for the Texas House of Representatives). In both decisions, the three-judge panel apprised the parties that if the Texas Legislature declined to take such action, then the parties and the staff for the Texas Legislative Council should be ready for a hearing on the remedial plans within 2 and 3 weeks of the respective decisions.[12] In the pending matter, there is no imminent election taking place within the 32nd JDC. The next regularly scheduled election for the 32nd JDC is in 2020.[13] As previously discussed

---

[10] The Court agrees with the Plaintiffs that the Defendants' reliance on *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981) is a "red herring" as the Court's *Ruling* and *Minute Entry* do not have the practical effect of an injunction. Doc. 318, pp. 1-2, n. 2.

[11] *Abbott v. Perez*, No. 17A225, 2017 WL 4014835, *1 (Sept. 12, 2017)("it is ordered that the order of the United States District Court for the Western District of Texas, case No. SA–11–CV–360, entered August 15, 2017, is stayed pending the timely filing and disposition of an appeal to this Court"); *Abbott v. Perez*, No. 17A245, 2017 WL 4014810, *1 (Sept. 12, 2017)("it is ordered that the order of the United States District Court for the Western District of Texas, case No. SA–11–CV–360, entered August 24, 2017, is stayed pending the timely filing and disposition of an appeal to this Court"). Defendants summarily argue that these cases are akin to the pending matter without any elaboration or discussion.

[12] The *Order on Plan C235*, which was decided by the three-judge panel on August 15, 2017, set September 5, 2017, as a start date for the hearing to consider remedial plans. *Perez v. Abbott*, SA–11–360, 2017 WL 3495922, *44 (W.D. Tex. Aug. 15, 2017). The *Order on Plan H358*, which was decided by the three-judge panel on August 24, 2017, set a hearing date for September 6, 2017. *Perez v. Abbott*, SA–11–CV–360, 2017 WL 3668115, *36 (W.D. Tex. Aug. 24, 2017).

[13] *Elected Officials*, LA. DEP'T OF STATE, https://voterportal.sos.la.gov/ElectedOfficials (last visited on Oct. 24, 2017).

3

herein, the Court has neither effectively ordered the Louisiana Legislature to take any immediate remedial action, nor scheduled an impending hearing or trial date to determine the appropriate remedy.

Based on the foregoing, the Court finds that its August 19, 2017 *Ruling* and September 12, 2017 *Minute Entry* do not have the injunctive effect the Defendants claim they do. Accordingly, the Court further finds that Rule 62(c) of the Federal Rules of Civil Procedure is inapplicable here.[14] Therefore, the Court hereby DENIES the *Motion to Stay Order on Terrebonne Parish's At-Large 32nd Judicial District Court Pending Appeal* filed by Defendants, Jeff Landry, in his official capacity as Attorney General of Louisiana, and John Bel Edwards, in his official capacity as Governor of Louisiana.[15]

Signed in Baton Rouge, Louisiana, on November 15, 2017.

_____
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[14] Because the Court finds that Rule 62(c) does not provide a basis for Defendants' request for a stay, the Court need not address the Defendants' remaining arguments.
[15] Doc. 311.