IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TERREBONNE PARISH BRANCH NAACP, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> PIYUSH ("BOBBY") JINDAL, the GOVERNOR of the STATE OF LOUISIANA, in his official capacity, *et al.*, <br> *Defendants*. | Civil Action. No. 3:14-cv-69-SSD-EWD |

**PLAINTIFFS' POSITION PAPER REGARDING REMEDIAL PROCESS & SCOPE[1]**

The remedial process appropriate here is straightforward. Having found liability under the Voting Rights Act and U.S. Constitution, Doc. 289, this Court appropriately gave the Louisiana Legislature the first opportunity to cure the violations. *See*, *e.g.*, Docs. 319 at 4 & 332. It failed to do so. *See*, *e.g.*, Doc. 333-1 at 9. Thus, as this Court has recognized, it must remedy the violations by ordering a redistricting plan. *See*, *e.g.*, Docs. 319 at 5-6, 333-1 at 10-11, 356. Other courts have done just that, sometimes with the assistance of a special master or technical advisor. *See*, *e.g.*, *Citizens for Good Gov't v. City of Quitman*, 148 F.3d 472, 474-75 (5th Cir. 1998).[2]

At the August 2, 2018 status conference, this Court and the parties expressed their willingness to appoint a special master or redistricting specialist. Under Federal Rule of Civil

---

[1] This Court directed the parties to "file position papers stating an appropriate process and scope regarding [the] method of procedure moving forward and the appointment of a Special Master." Doc. 356.

[2] *See also*, *e.g.*, *E. Jefferson Coal. for Leadership & Dev. v. Par. of Jefferson*, 691 F. Supp. 991, 490 (E.D. La. 1988), *aff'd*, 926 F.2d 487 (5th Cir. 1991); *League of Latin Am. Citizens (LULAC) v. Perry*, 457 F. Supp. 2d 716, 720 (E.D. Tex. Aug. 4, 2006); *Dillard v. City of Greensboro*, 956 F. Supp. 1576, 1577 (M.D. Ala. 1997); Memorandum Decision and Order, *Navajo Nation v. San Juan Cty.*, 2:12-cv-00039-RJS-DBP, ECF No. 397 at 40 (D.C. Utah July 14, 2017); *Ga. State Conference of the NAACP v. Fayette Cty. Bd. of Comm'rs*, 118 F. Supp. 3d 1338, 1340 (N.D. Ga. 2015); *Walker v. Cunningham*, No. CV212-152, 2012 WL 6685524, at *1, n.3 (S.D. Ga. Dec. 14, 2012); *Adamson v. Clayton Cty. Elections & Registration Bd.*, 876 F. Supp. 2d 1347, 1352-53 (N.D. Ga. 2012); *Martin v. Augusta-Richmond Cty., Ga., Comm'n*, No. CV 112-058, 2012 WL 2339499, at *1-2 (S.D. Ga. June 19, 2012); *Crumly v. Cobb Cty. Bd. of Elections & Voter Registration*, 892 F. Supp. 2d 1333, 1341-42, 1344 (N.D. Ga. 2012); *Larios v. Cox,* 314 F. Supp. 2d 1357, 1359-61 & n.2 (N.D. Ga. 2004); *Smith v. Cobb Cty. Bd. of Elections*, 314. F. Supp. 2d 1274, 1299, n.23 & 1300 (N.D. Ga. 2002); *Markham v. Fulton Cty. Bd. of Registrations & Elections*, No. Civ.A.1:02-CV1111WB, 2002 WL 32587313, at *5 (N.D. Ga. May 29, 2002); *see generally* Nathaniel Persily, *When Judges Carve Democracies: A Primer on Court-Drawn Redistricting Plans*, 73 Geo. Wash. L. Rev. 1131 (2005).

Procedure 53, the Court must give the parties notice and an opportunity be heard on a proposed specialist *before* her appointment.[3] Before or after the appointment, this Court should provide, on the record, the redistricting principles that must guide the specialist's assistance in developing a remedy. Docs. 319 at 7-8, 333-1 at 11 n.7. This specialist can consider Plaintiffs' maps, including the *Illustrative Plan* that this Court accepted for liability and found could be an effective remedy. Doc. 289 at 33-34 & n.187. She also may consider Plaintiffs' *Alternative Plan.* Although this Court did not evaluate that plan during the liability phase, *id*. at 18, 31 & n.174, Plaintiffs continue to contend that it would address Defendants' concerns about split precincts.[4] This Court also can consider plans that it develops in consultation with the specialist.

Further, the parties should have an opportunity to file simultaneous briefs about the sufficiency of any court-developed remedial proposals in advance of any hearing on these proposed remedies.[5] At the scheduled January 22-23, 2019 evidentiary hearing on remedies, Plaintiffs request that this Court permit their witnesses to testify about any proposed plan's sufficiency. Doc. 356. Following this hearing, this Court should enter an order (a) enjoining at-large voting for 32nd JDC elections given this Court's liability decision, (b) requiring the

---

[3] Potential specialists include: Patricia Lowrey-Dufour, an analyst for the Louisiana Legislature, or someone who has comparable experience and familiarity with Louisiana's voting-related data and developing redistricting plans in Louisiana. Other alternatives include Dr. Bernard Grofman, who has experience as a special master. *See*, *e.g*., Ex. A, *Navajo Nation v. San Juan Cty.*, 2:12-cv-00039-RJS-DBP, ECF No. 414 (D.C. Utah Sept. 29, 2017).

[4] Defendants' expert criticizes Plaintiffs' *Illustrative Plan* for starting out with split precincts, since the enabling legislation for districts created by *Clark* v. *Edwards/Roemer* did not. *See*, *e.g*., Doc. 284 at ¶¶ 71-76. He also concedes that eventually precinct splits occur and that "it is not uncommon to have a precinct split into multiple parts by judicial districts." *Id*. ¶ 72. However, the Legislature has passed enabling legislation for a judicial redistricting plan that contains split precincts. *See* Doc. 333-1 at 8 n.4 (the "Legislature has previously accepted enabling legislation for a judicial district in Shreveport in Caddo Parish that includes split precincts. La. Rev. Stat. tit. 13 § 1952, http://www.legis.la.gov/Legis/Law.aspx?d=77045"). Furthermore, this Court found that the *Illustrative Plan* "adequately minimizes precinct splits." Doc. 289 at 31. It also found that those splits could be "adequately accommodated by using lockouts, which are inexpensive and easily administered," rejecting Defendants' assertions otherwise. *Id*. at 30-31. To the extent that split precincts remain an issue, the *Alternative Plan* contains no split precincts. *Id*. at 18 & 31 & n.174; *see also* Doc. 287 ¶ 15 & n.17. Indeed, courts are empowered to consider various remedies in Section 2 cases. *See*, *e.g*., *Clark v. Roemer*, 777 F. Supp. 445, 467-68 (M.D. La. 1990).

[5] Plaintiffs also request that the parties be given leave to respond to any brief simultaneously filed by any Defendant. *See* L.R. 7(f); *see also e.g.*, *Crumly,* 892 F. Supp. 2d at 1342, 1345; *Martin,* No. CV 112-058, 2012 WL 2339499, at *1; *Larios*, 314 F. Supp. 2d at 1363-64.

2

implementation of the plan approved by this Court, and (c) retaining jurisdiction to ensure the proper implementation of the remedial plan. Doc. 1 at 22.[6] Plaintiffs reserve the right to seek further relief from this Court, including under Section 3(c) of the Voting Rights Act, after further briefing and/or a hearing on the scope of that relief before entry of final judgment.[7] The process described herein would allow any appeals to be completed before remedial 32nd JDC elections in 2020.[8]

Respectfully submitted this 9th day of August, 2018.

| | |
|---|---|
| /s/ Ronald L. Wilson<br>Ronald L. Wilson (LSBN 13575)<br>701 Poydras Street, Ste. 4100<br>New Orleans, LA 70139<br>T: (504) 525-4361 / F: (504) 525-4380<br>cabral2@aol.com | Michael de Leeuw*, Cozen O'Connor<br>Alexander J. Selarnick*<br>William Lesser*<br>45 Broadway, 16th Floor<br>New York, NY 10006<br>T: (212) 908-1131 / F: (646) 461-2042<br>MdeLeeuw@cozen.com |
| /s/ Leah C. Aden<br>Leah C. Aden*, **, NAACP LDF<br>40 Rector Street, 5th Floor<br>New York, NY 10006<br>T: (212) 965-2200 / F: (212) 226-7592<br>laden@naacpldf.org | Michaele N. Turnage Young*, NAACP LDF<br>700 14th Street NW, Suite 600<br>Washington, D.C. 20005<br>T: (202) 216-5567 / F: (202) 682-1312<br>mturnageyoung@naacpldf.org |
| *PRO HAC VICE / **TRIAL ATTORNEY | *Counsel for Plaintiffs* |

---

[6] A similar remedial process occurred in *Georgia State Conference of the NAACP*, 118 F. Supp. 3d at 1340. After finding Defendants liable, the court ordered the parties to submit proposed remedial plans. *Id*. After considering them, the court "determined that it [was] necessary to engage the services of an independent technical advisor to assist the Court in evaluating the parties' submissions and determine an appropriate remedial plan." Ex. B, Order, *Ga. State Conference of the NAACP*, 3:11-cv-00123-TCB, ECF No. 164 (N.D. Ga. Aug. 6, 2013). The Court appointed a redistricting specialist with Georgia's Legislative Congressional Reapportionment Office. Ex. C, Order, *Ga. State Conference of the NAACP*, 3:11-cv-00123-TCB, ECF No. 170 (N.D. Ga. Aug. 27, 2013). "At the direction of the Court," the specialist created a proposed redistricting plan, disclosed it to counsel, and the court held a hearing less than a month later on this proposed map, ordering the parties to file their briefs in opposition to the proposed plan and permitting a response before the hearing. Ex. D, Order, *Ga. State Conference of the NAACP*, 3:11-cv-00123-TCB, ECF No. 172 (N.D. Ga. January 24, 2014). On the same day as the hearing, the court entered a remedial order, adopting the remedial plan developed with the specialist, identifying the court's instructions to the specialist, and responding to the parties' objections and requests. Ex. E, Order, *Ga. State Conference of the NAACP*, 3:11-cv-00123-TCB, ECF No. 179 (N.D. Ga. February 18, 2014).

[7] Plaintiffs reserve the right to seek attorneys' fees and costs and other relief in the interests of justice. Doc. 1 at 23.

[8] Plaintiffs' understanding is that qualifying for 32nd JDC elections is on July 15-17, 2020; primary and general elections are on November 3 and December 5, 2020 respectively. Ex. F, 32nd Elections Schedule.

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing *Plaintiffs' Position Paper Regarding Remedial Process & Scope* with this Court using the CM/ECF system, which provides notice of filing to all counsel of record.

Dated: August 9, 2018

>	*/s/ Leah C. Aden*
>	LEAH C. ADEN
>	NAACP LEGAL DEFENSE
>	AND EDUCATIONAL FUND, INC.
>	40 Rector Street, 5th Floor
>	New York, NY 10006
>	(212) 965-2200
>	(212) 229-7592 (fax)