# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TERREBONNE PARISH BRANCH NAACP,
ET AL.                                                          CIVIL ACTION


VERSUS                                                          14-69-SDD-EWD


PIYUSH ("BOBBY") JINDAL, the GOVERNOR
of the STATE OF LOUISIANA, in his official
capacity, ET AL.

## RULING

This matter is before the Court on the *Motion for Reconsideration* filed by the Defendant Attorney General ("Defendant").[1]  Defendant seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure from the Court's previous *Ruling* of August 17, 2017.[2]  Plaintiffs have filed an *Opposition* to this motion.[3]  For the reasons set forth below, the motion shall be denied.

## I.    BACKGROUND

The Honorable James J. Brady presided over an eight-day bench trial from March 13-20 and April 26-28, 2017.[4]  The Court heard from 27 witnesses, and over 350 exhibits were admitted into evidence.[5]  Following the bench trial, the Court issued a ninety-one page *Ruling* wherein it held that at-large voting for the 32nd JDC deprives black voters of the equal opportunity to elect candidates of their choice in violation of Section 2 of the

---

[1] Rec. Doc. No. 344.
[2] Rec. Doc. No. 289.
[3] Rec. Doc. No. 363.
[4] Rec. Doc. No. 289.
[5] *Id.*

48243

Voting Rights Act and in violation of the United States Constitution.[1]  The Court had previously bifurcated the issues of liability and remedy.

Subsequent to this *Ruling*, Defendants moved to stay the case pending an appeal to the Fifth Circuit.[2]  The Court denied the *Motion to Stay*, rejecting the Defendants' argument that the Court's *Ruling* had the "practical effect" of an injunction warranting a stay under Rule 62(c) of the Federal Rules of Civil Procedure.[3]  Thus, the Parties began briefing the remedy issue for the Court.

Sadly, on December 9, 2017, the Honorable James J. Brady passed away.  This case was reassigned to the undersigned on January 5, 2018.[4]  On February 21, 2018, the Court held a Status Conference to discuss the posture of the case, and the Court ordered the Parties to submit briefs on the efficacy of a remedy by June 28, 2018.[5]  The Court also advised that, if no Bill was passed during the 2018 regular Legislative Session, the Court would hold another Status Conference.[6]  No such action was taken by the Legislature; thus, the Parties filed the briefs ordered by the Court.

On July 9, 2018, nearly a year after the Court's *Ruling*, Defendant filed this *Motion for Reconsideration* pursuant to Rule 60(b)(6) based on the United States Supreme Court's recent decision in *Abbott v. Perez*.[7]  Defendant seeks relief under Rule 60(b)(6), any other reason that justifies relief, arguing that *Abbott* is "new, applicable, and

---

[1] *Id.*

[2] Rec. Doc. No. 311.

[3] Rec. Doc. No. 320. (The Court reminded the Parties that the *Ruling* "strictly dealt with the issue of liability and did not order any party or other entity … to take any immediate remedial action.").

[4] Rec. Doc. No. 326.

[5] Rec. Doc. No. 332.

[6] *Id.* The Parties represented to the Court at this Status Conference that they all believed the Legislature might take action pursuant to the Court's *Ruling* and moot the remedy phase of this matter.

[7] 138 S.Ct. 2305 (2018).

48243

controlling authority that was released after this Court issued its Ruling," thus, "it creates an extraordinary circumstance justifying relief from the judgment of the Ruling[.]" Plaintiffs oppose this motion arguing that Defendant misinterprets *Abbott*, and *Abbott* does not constitute a change in the intervening law applicable to this case, nor does it warrant reconsideration of the Court's previous *Ruling*.[1]

## II.    RELIEF FROM JUDGMENT UNDER RULE 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

"Several factors shape the framework of the court's consideration of a 60(b) motion: '(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits

---

[1] *See* Rec. Doc. No. 363.
48243

outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.'"[1]

The Court has carefully considered both Judge Brady's previous *Ruling* and the Supreme Court's decision in *Abbott*, and the Court finds that reconsideration is unwarranted. Defendant Caldwell particularly focuses on Judge Brady's alleged heavy reliance on Louisiana's long history of using certain electoral systems to dilute the black vote.[2] However, the *Ruling* is clear that Plaintiffs met the three *Gingles* preconditions and, further, the history of voting discrimination in the state or jurisdiction being challenged was but one of several factors to consider the "totality of the circumstances" for purposes of determining vote dilution.[3] The record is replete with numerous other bases that informed the Court's determination of discriminatory motive in this case. Further the Court's analysis was appropriate under *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,*[4] which was not overruled by *Abbott* but in fact quoted throughout.

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 356 (5th Cir. 1993)(quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981)); *see also Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir.1984).
[2] Rec. Doc. No. 344-1 at 2, quoting Rec. Doc. No. 289 at 52.
[3] Rec. Doc. No. 289 at 51.
[4] 429 U.S. 252 (1977).
48243

Accordingly, the *Motion for Reconsideration* filed by the Defendant Attorney General is DENIED.[1]  This matter shall proceed to the remedy phase as set forth previously by the Court.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana the 5th day of November, 2018.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] Rec. Doc. No. 344.
48243