UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERREBONNE PARISH BRANCH NAACP,
ET AL.

CIVIL ACTION

VERSUS

14-69-SDD-EWD

JOHN BEL EDWARDS, the GOVERNOR
of the STATE OF LOUISIANA,
in his official capacity, and
JEFFREY MARTIN LANDRY, the
ATTORNEY GENERAL for the
STATE OF LOUISIANA,
in his official capacity, ET AL.

### RULING & ORDER

This matter is before the Court on the *Motion to Stay Pending Appeal*[1] and the *Motion for Expedited Hearing*[2] filed by Defendant, Attorney General Jeff Landry ("Defendant AG"). The Defendant, Governor John Bel Edwards, ("Governor") does not join in this motion. Plaintiffs, Terrebone Parish Branch NAACP, et al. ("Plaintiffs") filed an *Opposition* to this motion.[3] Because the Defendant AG essentially asks this Court to reverse its previous *Rulings*,[4] the motion will be denied.

I.  **BACKGROUND**

This is a Voting Rights Act case. Following a lengthy bench trial on liability, the Court issued a ninety-one page *Ruling* wherein it held that at-large voting for the 32nd JDC deprives black voters of the equal opportunity to elect candidates of their choice in

---

[1] Rec. Doc. No. 436.
[2] Rec. Doc. No. 438.
[3] Rec. Doc. No. 437.
[4] Rec. Doc. Nos. 289 & 364.

violation of Section 2 of the Voting Rights Act and in violation of the United States Constitution.[5]  The Court had previously bifurcated the issues of liability and remedy.

Following this *Ruling*, Defendants moved to stay the case pending an appeal to the Fifth Circuit.[6]  The Court denied the *Motion to Stay*, rejecting the Defendants' argument that the Court's *Ruling* had the "practical effect" of an injunction warranting a stay under Rule 62(c) of the Federal Rules of Civil Procedure.[7]  The Court proceeded to the remedy phase of the matter, and a Special Master was appointed to assist the Court in reaching an appropriate remedy.[8]  After allowing lengthy briefing regarding the Special Master's proposed remedy, on July 25, 2019, the Court ultimately adopted[9] Plan 2 of the Special Master's *Report and Recommendation*[10] and entered a *Final Judgment and Injunction* on August 15, 2019.[11]  The Defendant AG immediately appealed.[12]

According to the Defendant AG, the United States Court of Appeals for the Fifth Circuit has already heard oral arguments on Defendant AG's appeal and is positioned to rule.  However, as the Fifth Circuit has yet to issue a ruling, the Defendant AG now moves this Court to stay its *Final Judgment and Injunction* pending appeal.

## II.    LEGAL STANDARD

Rule 62(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal

---

[5] *Id.*
[6] Rec. Doc. No. 311.
[7] Rec. Doc. No. 320. (The Court reminded the Parties that the *Ruling* "strictly dealt with the issue of liability and did not order any party or other entity … to take any immediate remedial action.").
[8] Rec. Doc. Nos. 367 & 385.
[9] Rec. Doc. No. 416.
[10] Rec. Doc. No. 396.
[11] Rec. Doc. No. 419.
[12] Rec. Doc. No. 421.

upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Stay of an injunction should first be sought at the district court level.[13]

An application under Rule 62(c) is committed to the court's discretion informed by the balancing of certain factors.[14] The considerations on a motion for stay pending appeal are similar to those evaluated in deciding whether to grant a preliminary injunction.[15] The Fifth Circuit has held that a court must consider four factors in deciding whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[16] "A stay 'is not a matter of right, even if irreparable injury might otherwise result to the appellant.'"[17]

The movant bears the burden of proving these four factors.[18] "'[I]t is the movant's obligation to justify the court's exercise of such an extraordinary remedy.'"[19] "[T]he movant must address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors exist."[20] Further, although the decision to grant relief under Rule 62(c) is within the district court's discretion, "the stay of an equitable order is an extraordinary device which should be granted sparingly."[21]

---

[13] Fed.R.App.P. 8(a).
[14] 11 Charles A. Wright, et al., Federal Practice and Procedure § 2904 at 501 (1995).
[15] *Schwartz v. Dolan*, 159 F.R.D. 380, 383 (N.D.N.Y.1995).
[16] *Texas v. U.S.*, 787 F.3d 733, 747 (5th Cir. 2015).
[17] *Id.* at 747 (quoting *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir.2013)(quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)).
[18] *Wildmon v. Berwick Universal Pictures,* 983 F.2d 21, 23 (5th Cir.1992).
[19] *McGregor Printing Corp. v. Kemp*, 811 F.Supp. 10, 12 (D.D.C.1993) (quoting *Cuomo v. United States Nuclear Regulatory Com'n*, 772 F.2d 972, 978 (D.C.Cir.1985)), *rev'd on other grounds*, 20 F.3d 1188 (D.C.Cir.1994); 11 Federal Practice and Procedure, § 2904 at 503–05 ("Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied.").
[20] *Michigan Coalition v. Griepentrog*, 945 F.2d 150, 154 (6th Cir.1991) (citation omitted).
[21] *United States v. Louisiana*, 815 F.Supp. 947, 948 (E.D. La. 1993).

The balancing of these four factors is plainly a case-by-case task that does not submit to any rigid set of rules.[22] The factors do not function as "prerequisites" but as "interrelated considerations that must be balanced together."[23]  The weight accorded each factor is not necessarily the same,[24] and no one factor is determinative.[25]

## III.    ANALYSIS

The Court has considered the Defendant AG's arguments and applied the four factors set forth above.  The Court finds that the Defendant AG's requested relief would gut the substance of the Court's prior *Rulings*.  Nothing has been presented by the Defendant AG that causes the Court to conclude that he has a substantial likelihood of success on the issue of vote dilution, which the Court found was supported by substantial proof.  Further, the Court has already weighed the potential harm to the Parties and found that the remedy ordered is in the public interest.  The Court has not been presented with any justifiable reason to stay the injunction; to the contrary, the Court finds that it would be wholly inconsistent for this Court to order the remedy yet grant a stay pending appeal.[26]

---

[22] *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987).
[23] *Michigan Coalitio*, 945 F.2d at 153.
[24] *Standard Havens Products v. Gencor Industries*, 897 F.2d 511, 512 (Fed.Cir.1990).
[25] *Constructors Ass'n of Western Pennsylvania v. Kreps*, 573 F.2d 811, 815 (3rd Cir.1978); *Republic Industries v. Central Pennsylvania Teamsters*, 537 F.Supp. 1036, 1036 (E.D.Pa.1982).
[26] *See Monumental Task Committee, Inc. v. Foxx*, No. 15-cv-6905, 2016 WL 430450 at *2 (E.D. La.  Feb. 4, 2016).

Accordingly, the *Motion for Expedited Hearing*[27] is GRANTED; the *Motion to Stay Pending Appeal*[28] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 17th day of June, 2020.

*Shelly D. Dick*
_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[27] Rec. Doc. No. 438.
[28] Rec. Doc. No. 436.